# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DUKE TRANSPORT & TOWING, LLC, ) <br> RANDY CHAMBERS, CURLEY ) <br> COOPER, III, and SONYIA COOPER, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION FILE <br> NO. 1:23-cv-05108-JPB |

## AMGUARD INSURANCE COMPANY'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff AmGuard Insurance Company ("AmGuard"), and files this its First Amended Complaint for Declaratory Judgment against Defendants Duke Transport & Towing, LLC ("Duke"), Randy Chambers ("Chambers"), Curley Cooper, III, and Sonyia Cooper as follows:

## PARTIES

1. Plaintiff AmGuard is a Pennsylvania corporation with its principal place of business at 39 Public Square, Wilkes-Barre, Pennsylvania, 18703 and is duly authorized to conduct business in the State of Georgia.

1

290270876v.1

2. On information and belief, Defendant Duke is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 930-B Dailey Mill Road, McDonough, Georgia, 30253. On information and belief, the sole member of Duke is Ahmed Hassan, an individual and domiciliary of Georgia residing in Gwinnett County. Because all of Duke's members are citizens of Georgia, Duke is considered a citizen of Georgia for diversity purposes. Duke may be served through its registered agent, Kay Morrow, at 225 Commons Drive, Jonesboro, Georgia, 30236.

3. On information and belief, on September 30, 2021, Duke was administratively dissolved by the Georgia Secretary of State for the following reasons: (1) failure to file its annual registration; (2) failure to maintain a registered agent or registered office in this state; and/or (3) failure to submit payment for a dishonored fee payment or for fees, taxes, or penalties owed.

4. Defendant Chambers is an individual and a resident of Ascension Parish, Louisiana, and is therefore considered a citizen of Louisiana for diversity purposes. Chambers may be served at 11288 River Highlands Drive, St. Amant, Louisiana 70774, or wherever else he may be found.

5. Defendant Curley Cooper, III is an individual and a resident of Chatham County, Georgia, and is therefore considered a citizen of Georgia for diversity purposes. Cooper, III may be served at 47 Braxton Manor Drive,

Wentworth, Georgia 31407, or wherever else he may be found. Cooper, III is a plaintiff in an underlying lawsuit against Duke and Chambers. AmGuard seeks no relief from Cooper, III, who has been joined herein as a Defendant solely in order to be bound by the judgment rendered in this case.

6. Defendant Sonyia Cooper is an individual and a resident of Chatham County, Georgia, and is therefore considered a citizen of Georgia for diversity purposes. Cooper may be served at 47 Braxton Manor Drive, Wentworth, Georgia 31407, or wherever else she may be found. AmGuard seeks no relief from Cooper, who has been joined herein as a Defendant solely in order to be bound by the judgment rendered in this case.

## JURISDICTION AND VENUE

7. This action seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

8. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because it involves a dispute between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant Duke resides in this judicial district and a substantial part of the events or omissions giving rise to AmGuard's claim for rescission of the insurance policy issued to Duke occurred in this judicial district.

## FACTUAL BACKGROUND

### Application for Insurance

10. On or about July 29, 2021, Duke submitted to AmGuard a signed "Towing Insurance Application" for a commercial insurance policy (the "Application"). A true and correct copy of the Application is attached hereto as **Exhibit A**.

11. In the Application, Duke listed its mailing address as P.O. Box 513, Buford, Georgia, 30515. In the "Location Information" section, Duke listed 7439 Red Mulberry Way, Charlotte, NC, 28273 as the address, and in the corresponding box titled "Use of Location," Duke responded "Storage of Vehicles." Duke did not disclose that it used property at 930-B Dailey Mill Road, McDonough, Georgia, 30253 for the storing of towed vehicles.

12. Question 1 of the Application asked "Does the Applicant operate out of residence?" to which Duke answered "Yes." Duke did not disclose that it used property at 930-B Dailey Mill Road, McDonough, Georgia, 30253 for the storing of towed vehicles.

13. In the Application's "Operation" section, Duke listed its "Operation" as "Towing," with three employees, and stated that 100% of its towing business was "On rotation (Police)," and that the towing for the police was done under contract. Duke did not fill in the "Operation" rows for "Trucking" or "Other." Duke did not

disclose that it was engaged in the hauling of semi-trailers and in the towing of non-vehicle freight and cargo.

14. Question 5 of the Application asked "Is the Applicant involved in anything other than towing?" to which Duke answered "No." Duke did not disclose that it was engaged in the hauling of semi-trailers and in the towing of non-vehicle freight and cargo.

15. Question 15.a. of the Application asked "How many times monthly does the Applicant go beyond 50 miles?" to which Duke answered "1." Question 15.b. of the Application asked "How many times monthly does the Applicant go beyond 200 miles?" to which Duke answered "0." Question 15.c. of the Application asked "What Cities?" to which Duke did not provide an answer. Duke did not disclose that its business required that it travel approximately 266 miles from the 7439 Red Mulberry Way, Charlotte, North Carolina location to the 930-B Dailey Mill Road, McDonough, Georgia location for the purpose of storing towed vehicles.

16. Duke did not fill out the section of the Application that was to be completed "if the Applicant hauls anything other than vehicles" including "incidental hauls." Further, Duke answered "no" the question inquiring as to whether Duke hauled anything other than vehicles within the past three years. Duke did not disclose that it was engaged in the hauling of semi-trailers and in the towing of non-vehicle freight and cargo.

17. In the Application's Vehicle Schedule, Duke listed the following vehicles: (1) a 2014 Volvo tractor with Vehicle Identification Number 4V4NC9TH24N357485; (2) a 2014 Kenworth tractor with Vehicle Identification Number 1XKA049X9EJ394698; and (3) a 2021 Peterbilt tractor with Vehicle Identification Number 1NPXL49XMP717654 (each referred to herein individually as a "Scheduled Vehicle" and collectively as the "Scheduled Vehicles"). For each Scheduled Vehicle, Duke identified the "use of vehicle" as towing or commercial towing and listed the radius of operations as "500 miles." Duke did not disclose that it was engaged in the hauling of semi-trailers and in the towing of non-vehicle freight and cargo.

## The Policy

18. Relying upon the Duke's representations in the Application, AmGuard issued BizGUARD Plus Policy Number K2GP215232 to Duke for the policy period of August 7, 2021 to August 7, 2022 (the "Policy"). The Policy's Declarations page lists the "Business Description" of Duke as "Towing." A copy of the Policy is attached hereto as **Exhibit B**.

19. The Policy consists of several coverages, including Covered Autos Liability Coverage, which provides a $1,000,000 limit for each "accident" resulting from the use of a covered "auto"; Commercial General Liability Coverage, which provides a $1,000,000 each "occurrence" limit for "bodily injury" and "property

damage"; Garagekeepers Coverage, which provides a $100,000 limit in connection with damage to a customer's auto at the 7439 Red Mulberry Way, Charlotte, North Carolina, 28273 location; On Hook Physical Damage Legal Liability Coverage, which provides a $250,000 aggregate limit in connection with loss to "Covered Property" as a result of being transported by a Scheduled Vehicle; and Commercial Inland Marine Coverage, which provides a $250,000 limit for each Scheduled Vehicle.

20. Item 3 of the Policy's Business Auto Declarations lists the Scheduled Vehicles and lists "Charlotte NC" as the "Town And State Where The Covered Auto Will Be Principally Garaged" and states that the radius of operation for each Scheduled Vehicle is "local."

21. Under the Policy's Garagekeepers Coverage Endorsement, the Schedule lists "7439 Red Mulberry Way, Charlotte, NC, 28273" as the "Address Where You Conduct Garage Operations (Main Location)."

22. The Policy's Commercial General Liability Declarations lists "7439 Red Mulberry Way, Charlotte, NC, 28273" under "All Premises You Own, Rent Or Occupy."

23. The Policy's On Hook Physical Damage Legal Liability Schedule of Coverages lists "7439 Red Mulberry Way, Charlotte, NC, 28273" as the "Designated Location."

290270876v.1

24. The insuring agreement for the Policy's Covered Autos Liability Coverage part provides, in part, that AmGuard will pay all sums an "insured" must legally pay as damages because of "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto." The covered "autos" under the Policy are designated by symbols 7, 8 and 9, which state:

| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
|---|---|---|
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

25. The Covered Autos Liability Coverage part's "Who Is An Insured" provision provides, in part, that "insureds" include Duke for any covered "auto" and, subject to certain exceptions, anyone using with Duke's permission a covered "auto" Duke owns, hire or borrows.

8

290270876v.1

26. Subject to its terms, conditions, and exclusions, the Commercial General Liability Coverage Form's Coverage A insuring agreement states that AmGuard will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" that is caused by an "occurrence" and that occurs during the policy period.

27. The Commercial General Liability Coverage Form's "Who Is An Insured" provision provides, in part, that "insureds" include Duke's "employees" but only for acts within the scope of their employment by Duke or while performing duties related to the conduct of Duke's business.

28. The Commercial General Liability Coverage Form's Coverage A is subject to an "Aircraft, Auto Or Watercraft" exclusion, which bars coverage for "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "auto" "owned or operated by or rented or loaned to any insured." The term "auto" includes a land motor vehicle, trailer, or semitrailer.

**Duke's Locations and Radius of Operations**

29. The Application signed on July 29, 2021 states that Duke stores vehicles at 7439 Red Mulberry Way, Charlotte, North Carolina, 28273, which is a two-story townhome in a gated community. However, Duke's annual registration with the Georgia Secretary of State dated April 30, 2020, which is Duke's last annual registration before being administratively dissolved on September 30, 2021, states

that Duke's principal office address is 930-B Dailey Mill Road, McDonough, Georgia, 30253. A copy of the April 30, 2020 annual registration is attached hereto as **Exhibit C**.

30. On August 13, 2020, the Henry County Zoning Advisory Board held a virtual meeting where it approved Duke's application for the conditional use of property at 930-B Dailey Mill Road, McDonough, Georgia, 30253 for a wrecker service with storage area in an existing building for the purpose of storing towed vehicles indoors so that they would not be visible to the public. Duke's use of the property was subject to several conditions, including that Duke not store commercial vehicles on the site and that Duke maintain office space at the property with restrooms and a reception area. A video of the Henry County Zoning Advisory Board virtual meeting can be viewed at https://henryga.granicus.com/MediaPlayer.php?view_id=2&clip_id=1609.

31. In the Application, Duke represented that it used the 7439 Red Mulberry Way, Charlotte, North Carolina location for the storage of vehicles, and that on a monthly basis, Duke goes over 200 miles in the performance of its operations "0" times. The Charlotte, North Carolina location is approximately 266 miles from the 930-B Dailey Mill Road, McDonough, Georgia location, where Duke stored vehicles. Thus, for Duke to use the Scheduled Vehicles to tow vehicles to the

McDonough, Georgia location would necessitate that Duke go over 200 miles more than "0" times per month.

32. Duke's failure to disclose 930-B Dailey Mill Road, McDonough, Georgia, 30253 as a location on the Application, and Duke's failure to disclose that it goes over 200 miles in the performance of its operations more than "0" times per month was material to AmGuard's determination of the risk insured by the Policy. Had Duke disclosed this information as required, AmGuard would not have issued the Policy.

### **Duke's Operations**

33. The Federal Motor Carrier Safety Administration ("FMCSA"), is the agency of the United States Department of Transportation charged with regulating the trucking industry in the United States. The FMCSA maintains a Safety and Fitness Electronic Records (SAFER) System that provides motor carrier company safety data and related services to industry and the public over the Internet. SAFER's "company snapshot" for "Duke Transport & Towing LLC" states that Duke is a carrier with "interstate" operations and identifies the "cargo carried" by Duke as "general freight," "motor vehicles," and "drive/tow away." A copy Duke's SAFER "company snapshot" as of July 13, 2023 is attached hereto as **Exhibit D**.

34. The FMCSA Safety Measurement System's website ("SMS") provides information related to the on-road safety performance of carriers and drivers,

including roadside inspections, safety-based violations, and state-reported crashes. The SMS report for Duke lists "unsafe driving" roadside inspection reports for Duke, which indicate that a Duke-operated tractor hauled a semi-trailer, as opposed to towing a vehicle, on at least four separate occasions.

35. Specifically, the FMCSA SMS website lists an inspection report, which states that on October 11, 2021, Duke was subject to a roadside inspection in Florida for an unsafe driving violation while operating an International truck track tractor with Vehicle Identification Number 2HSCUAPR69C088531 (not a Scheduled Vehicle), which was hauling a semi-trailer with Vehicle Identification Number LJRC4126071007584. A copy of the October 11, 2021 inspection report is attached hereto as **Exhibit E**.

36. The FMCSA SMS website lists an inspection report, which states that on January 13, 2022, Duke was subject to a roadside inspection in Georgia for an unsafe driving violation while operating a Kenworth truck tractor with Vehicle Identification Number 1XKAD49X9EJ394698 (a Scheduled Vehicle), which was hauling a semi-trailer with Vehicle Identification Number LT1CC41285C007703. A copy of the January 13, 2022 inspection report is attached hereto as **Exhibit F**.

37. The FMCSA SMS website lists an inspection report, which states that on April 7, 2022, Duke was subject to a roadside inspection in Georgia for an unsafe driving violation while operating a Kenworth truck tractor with Vehicle

12

Identification Number 1XKAD49X9EJ394698 (a Scheduled Vehicle), which was hauling a semi-trailer with Vehicle Identification Number /3H3C403S08T32013. A copy of the April 7, 2022 inspection report is attached hereto as **Exhibit G**.

38. The FMCSA SMS website lists an inspection report, which states that on May 12, 2022, Duke was subject to a roadside inspection in Georgia for an unsafe driving violation while operating a Kenworth truck tractor with Vehicle Identification Number 1XKYDP9X8GJ111050 (not a Scheduled Vehicle), which was hauling an intermodal chassis with Vehicle Identification Number 3H3C403SX8T319857. A copy of the May 12, 2022 inspection report is attached hereto as **Exhibit H**.

39. Duke's failure to disclose on the Application that it was engaged in the hauling of semi-trailers and in the towing of non-vehicle freight and cargo was material to AmGuard's determination of the risk insured by the Policy. Had Duke disclosed this information as required, AmGuard would not have issued the Policy.

## The *Cooper* Action

40. On February 21, 2023, Curley Cooper, III ("Cooper"), and Sonyia Cooper (collectively, the "Coopers") filed the action styled *Curley Cooper III and Sonyia Cooper v. Randy Chambers, et al.*, Case No. STCV23-00364, in the State Court of Chatham County, Georgia (the "*Cooper* Action") against Chambers, Duke

and other defendants.  A copy of the operative Second Amended Complaint filed in the *Cooper* Action is attached as **Exhibit I**.

41.     In the *Cooper* Action, the Coopers allege that on September 14, 2021, Cooper was injured at the Georgia Ports Authority terminal in Chatham County, Georgia while cleaning out a trailer-based shipping container attached to a tractor operated (the "Subject Tractor") by Chambers.  The Coopers allege that while Cooper was inside the container attached to the Subject Tractor, Chambers entered the cab of the Subject Tractor and began to pull away, causing Cooper to fall out of the back of the container.  The Coopers allege that at all times relevant, Chambers was acting within the course and scope of his agency and/or employment with Duke and/or defendant JTG Trucking Corp and/or defendant J.L. Reed Transportation LLC and/or other unidentified employers of Chambers and/or other unidentified owners of the Subject Tractor.  The Coopers assert a cause of action against Chambers for negligence and a cause of action against Duke, JTG Trucking Corp, J.L. Reed Transportation LLC, and/or other unidentified employers of Chambers for "employer/principal liability (respondeat superior)."  Additionally, Sonyia Cooper asserts a cause of action against Chambers, Duke, and other defendants for loss of consortium.

42.     AmGuard is currently providing Duke and Chambers with a defense in the *Cooper* Action, subject to a full and complete reservation of its rights under the

14

Policy and at law, including the right to rescind the Policy.

43.    Contrary to the allegations in the *Cooper* Action, Chambers has never been an employee or agent of Duke.  Thus, Chambers was not Duke's employee or agent at the time September 14, 2021 incident.  Rather, the Georgia Ports Authority Police Department incident report for the September 14, 2021 incident (the "Incident Report") states that Chambers was affiliated with "JTG Trucking."  A copy of the Incident Report is attached hereto as **Exhibit J**.

44.    According to the Incident Report, the Subject Tractor involved in the September 14, 2021 incident is a white Kenworth T680 with Louisiana license plate number P263266.  The vehicle identification number for the Subject Tractor is 1XKYDP9X8GJ111050.

## COUNT I
## DECLARATORY JUDGMENT - RESCISSION

45.    AmGuard incorporates and realleges the allegations contained in Paragraphs 1 through 44.

46.    An actual controversy exists between the parties as to whether the Policy is still valid in light of Duke's failure to disclose 930-B Dailey Mill Road, McDonough, Georgia, 30253 as a location on the Application; Duke's failure to disclose that it goes over 200 miles in the performance of its operations more than "0" times per month; and Duke's failure to disclose that it was engaged in the hauling of semi-trailers and in the towing of non-vehicle freight and cargo.  AmGuard

15

contends that the Policy is void *ab initio* because Duke made material misrepresentations in the Application, which AmGuard justifiably relied on in deciding to issue the Policy to Duke.

47. A declaration as to whether the Policy is void *ab initio* or otherwise subject to rescission will completely resolve the controversy among the parties.

48. Because Duke failed to accurately disclose the location and radius of its operations and the full nature of its operations, AmGuard is entitled to a judicial declaration stating the Policy is void *ab initio*.

49. As AmGuard is entitled to a judicial declaration stating the Policy is *void ab initio*, AmGuard is also entitled to a judicial declaration stating that it excused from performing any obligations under the Policy, including any obligation to defend or indemnify Duke or Chambers with respect to the *Cooper* Action.

50. Upon an order rescinding the Policy, AmGuard will return all premiums Duke paid for the Policy.

**COUNT II**
**DECLARATORY JUDGMENT IN THE ALTERNATIVE – NO COVERAGE UNDER THE POLICY**

51. AmGuard incorporates and realleges the allegations contained in Paragraphs 1 through 44.

52. To the extent that the Policy is not rescinded and declared void *ab initio*, AmGuard does not have an obligation under the Policy to defend or indemnify Duke or Chambers with respect to the *Cooper* Action, based on several grounds.

53. First, under the Policy's Covered Autos Liability Coverage part, for coverage to apply, the accident must involve a covered "auto." The Policy declarations identify covered autos as symbols 7, 8, and 9. The Subject Tractor does not qualify as a covered auto under symbols 7, 8, or 9. Symbol 7 does not apply as the Subject Tractor is not one of the Scheduled Vehicles listed as a covered auto in the "Schedule of Covered Autos You Own." The Subject Tractor does not fall under symbol 8 as it is was not being leased, hired, rented or borrowed by Duke at the time of the September 14, 2021 incident. Symbol 9 does not apply as the Subject Tractor was not being used in connection with Duke's business at the time of September 14, 2021 incident. Thus, there is no coverage for the incident at issue in the *Cooper* Action as it did not involve the use of a covered "auto." As such, AmGuard has no duty to defend or indemnify Duke or Chambers under the Policy with respect to the *Cooper* Action.

54. Second, the Policy's Covered Autos Liability Coverage part only provides coverage to an "insured." The Policy's Covered Autos Liability Coverage part defines "insured" to include Duke for any covered "auto" and, subject to certain exceptions, anyone using with Duke's permission a covered "auto" Duke owns,

hires, or borrows. As the Subject Tractor is not a covered "auto," and was not being used by Chambers with Duke's permission, neither Duke nor Chambers qualify as an "insured" under the Policy's Covered Autos Liability Coverage part. As such, AmGuard has no duty to defend or indemnify Duke or Chambers under the Policy with respect to the *Cooper* Action.

55. Third, the Policy's Commercial General Liability Coverage Form's Coverage A only provides coverage to an "insured." The Commercial General Liability Coverage Form defines "insured" to include Duke's employees, but only for acts within the scope of their employment by Duke or while performing duties related to the conduct of Duke's business. As Chambers was never Duke's employee, Chambers does not qualify as an "insured" under the Policy's Commercial General Liability Coverage Form. As such, AmGuard has no duty to defend or indemnify Chambers under the Policy with respect to the *Cooper* Action.

56. Fourth, the "Aircraft, Auto Or Watercraft" exclusion bars coverage under the Commercial General Liability Coverage Form's Coverage A for "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto" "owned or operated by or rented or loaned to any insured." The "bodily injury" at it issue in the *Cooper* Action allegedly arose out of Chambers' use of the Subject Tractor. Thus, even if at the time of the September 14, 2021 incident, the Subject Tractor was owned or operated by or rented or loaned to Duke, which

AmGuard denies, the "Aircraft, Auto Or Watercraft" would apply to bar coverage. As such, AmGuard has no duty to defend or indemnify Duke or Chambers under the Policy with respect to the *Cooper* Action.

## RELIEF REQUESTED

Wherefore, AmGuard respectfully requests an Order including or directing the following relief:

(a) a declaratory judgment holding that the Policy is void *ab initio* as a result of the Duke's failure to disclose material information in the Application, and that AmGuard is excused from performing any obligations under the Policy, including any obligation to defend or indemnify Duke or Chambers with respect to the *Cooper* Action;

(b) to the extent that the Policy is not rescinded and declared void *ab initio*, a declaratory judgment holding that AmGuard does not have an obligation under the Policy to defend or indemnify Duke or Chambers with respect to the *Cooper* Action;

(c) an award of AmGuard's attorney fees and costs incurred in this action; and

(d) such other such relief the Court deems proper, just and equitable.

19

Respectfully submitted this 12th day of December, 2023.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Kyle P. Barrett*
Kyle P. Barrett
Georgia Bar No. 874795
Janet Tolbert (admitted *pro hac vice*)

*Counsel for Plaintiff AmGuard Insurance Company*

3348 Peachtree Road NE
Suite 1400
Atlanta, Georgia 30326
Telephone:  (470) 419-6650
Facsimile:  (470) 419-6651
kyle.barrett@wilsonelser.com
janet.tolbert@wilsonelser.com